OPINION OF THE COURT
C. Raymond Radican, J.
This application by the U.S. Trust Company requests dis *808 missal of the objection interposed by Gerald Shanley, III, to its claim for a full 1% termination commission for services rendered as trustee or, in the alternative, for summary judgment on its claim.
Petitioner acted as trustee of a trust created under article 27 of the will of Joan Whitney Payson for the benefit of her husband, Charles S. Payson. Schedule 2H of the trust company’s second supplemental account makes claim for a fee equal to 1% of the value of the principal assets distributed on termination of the trust which event occurred on May 6, 1985 when the income beneficiary, Charles S. Payson, died.
Objections were filed to the probate of Mr. Payson’s will under which he exercised a power of appointment over the trust principal, and as a result, the trust company continued to administer the trust property for 2 Vi years beyond the time the assets would have otherwise been distributed. Charles S. Payson’s will was admitted to probate on October 13, 1987, and before the close of the year approximately 85% or $11,840 was distributed. The balance was distributed before the end of 1988.
Following the enactment of SCPA 2312, allowing corporate trustees "reasonable compensation” for their fiduciary services instead of statutory commissions (see, SCPA 2308, 2309), the trust company instituted a practice of seeking a partial termination commission only with respect to trusts: "whose duration includes both a period prior to the implementation of reasonable compensation during which annual commissions were retained at statutory rates, and a subsequent period during which the trust company retained annual commissions at the higher rates allowable as reasonable compensation under SCPA 2311 (2)”.
Implementation of this program, according to the company, was explained to its customers by letter. On December 27, 1984 similar communication was forwarded to Gerald E. Shanley, III, a cotrustee of Mr. Payson’s estate, explaining to him the new policy to phase out the 1% termination fee by prorating that fee based on the amount of time it administered the trust before and after the change in the law.
The objection interposed by Mr. Shanley asserts the trust company by its letter of December 27, 1984 agreed its termination commissions would be prorated based on the amount of time the company had administered the trust before and after *809 August 7, 1984,* the effective date of the law deregulating the compensation of corporate trustees.
Counsel for petitioner argues the letter forwarded to Mr. Shanley was the standard communication sent to all customers to explain the company’s policy in the usual case. In his affidavit the company’s vice-president points out that petitioner did not immediately implement the higher rates but elected in the case of continuing trusts to phase in the new rate schedule. With respect to the Payson trust, the transition did not commence until the quarterly payment taken in April 1985. One month later the trust terminated on Mr. Payson’s death. Because the rate transition occurred only one month prior to termination, the company vice-president states petitioner determined proration of its termination commission should not apply to the Payson trust.
The objectant, however, argues the trust company continued to administer the trust for 2 Vi years after Mr. Payson’s death, and received commissions under the reasonable compensation standard in that period. Accordingly, Shanley’s counsel states the issue remains as to the period of time over which proration of the termination commission should take place.
Simultaneously with the passage of SCPA 2312 allowing corporate trustees reasonable compensation, the Legislature enacted SCPA 2114 authorizing the court to review the reasonableness of the compensation charged by the corporate trustee for its services. That determination may be made independently of whether any other proceeding is pending upon application of any interested party (SCPA 2114, 2312 [2]). The question to be answered here is does the request for a full termination fee render the compensation sought by the trustee unreasonable?
The letter of December 27, 1984 is an acknowledgment that the receipt of reasonable compensation and a full termination fee are incompatible. The receipt of both constitutes an attempt to receive the benefit of the higher rates allowed corporate trustees computed under a reasonable compensation standard while contemporaneously charging the 1% pay-out fee given to trustees whose compensation is fixed at the lower statutory rates without being restricted to the lesser compensation chargeable by such trustees.
Counsel for the trust company contends the requirement *810 that petitioner prorates its paying-out commission over the additional period it was required to administer the estate in exchange for charging reasonable compensation rates penalizes the company for the additional work it was required to perform. Such is not the case.
SCPA 2312 provides corporate trustees with a system of compensation which entitled them to reasonable commissions which shall not be less than the fees allowed individual trustees under statutorily fixed rates (SCPA 2308, 2309). Petitioner, commencing January 1, 1985 until it closed out the trust at the end of 1988, received commissions at the higher reasonable compensation rates, and has no cause to complain. It is entitled either to compensation at the statutory rates including the 1% pay-out fee or to commissions at the higher rates and a partial termination fee that is prorated in accordance with its stated policy.
The motion to dismiss the objections is denied, and upon a search of the record summary judgment is awarded to the objectant to the extent indicated (CPLR 3212 [b]).

 Should be August 6,1984.